UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA M. VOWELLS,
    Plaintiff,

vs.                    Case No. 8:05-cv-1114-T-17TBM

NEW ENGLAND LIFE INSURANCE COMPANY,
a foreign corporation, f/k/a NEW
ENGLAND MUTUAL LIFE INSURANCE
COMPANY,
    Defendant.
_____/

## ORDER ON MOTION TO REMAND

THIS CAUSE is before the Court on Plaintiff's Motion to Remand (Docket No. 7), filed July 15, 2005, Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Remand (Docket No. 8), filed July 15, 2005, and Defendant's Opposition to Motion for Remand and Incorporated Memorandum of Law (Docket No. 10), filed July 28, 2005.

### BACKGROUND

Defendant, New England Life Insurance Company ("New England"), is a Massachusetts corporation with its principal place of business outside the State of Florida at all times relevant. Plaintiff, Brenda Vowells ("Vowells") was a resident of the State of Florida at all times relevant.

Vowells entered into a contract with New England on September 24, 1986, whereby New England covered Vowells with a disability insurance policy. (Docket No. 2) Vowells made a claim under the policy, and New England, presumably pursuant to the policy, paid Vowells three thousand five hundred dollars ($3,500.00) per month from August of 2000 until September of 2003.

When New England stopped payments to Vowells, she brought

Case No. 8:05-cv-1114-T-17TBM

suit in Florida state court for breach of contract alleging that Defendant was liable to Vowells for the nonpayment of benefits from September 28, 2003 through May 1, 2005. (Docket No. 2) Vowells also alleged that, under Florida law, New England is liable for Vowells's attorney's fees.  Vowells did not demand a final, specific dollar amount of damages.

New England filed a timely notice of removal alleging that the seventy-five thousand dollar ($75,000.00) jurisdictional requirement had been met because the limits under the policy allow for benefits of three thousand five hundred dollars ($3,500.00) per month and a refund of premiums paid. (Docket No. 1).  Thus, New England argued that Vowells' case is potentially worth sixty-six thousand five hundred dollars ($66,500.00) for nonpayment of benefits from September of 2003 through May of 2005 plus a premium refund of two thousand five hundred thirty-four dollars and twenty-two cents ($2,534.22).  New England further argued that because attorney's fees that are provided by statute are included in the jurisdictional calculus, Vowells' demand for attorney's fees under Florida law is so included, and, therefore, Vowells' monetary demands exceed the jurisdictional requirement.

## DISCUSSION

Vowells' motion for remand and accompanying memorandum of law in support thereof assert that "[i]n order for the Court to grant a notice of removal, [New England] has to prove 1) to a 'legal certainty' that the amount in controversy exceeds $75,000; [sic] 2) have to include a reasonable calculation of attorney's fees for the Court's review." (Docket. No. 8)  Vowells' assertions are without merit.

## STANDARD OF REVIEW

The plaintiff is the master of his complaint and is free to choose federal or state jurisdiction. *Caterpillar, Inc. v.*

Case No. 8:05-cv-1114-T-17TBM

*Williams*, 482 U.S. 386, 392 (1987).  However, removal of a civil case to federal jurisdiction can be effected by the defendant pursuant to 28 U.S.C. § 1441.  The burden of demonstrating that a federal district court has jurisdiction is on the defendant seeking removal. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).  Doubts as to whether removal of an action is permissible should be resolved against removal. *Roe v. O'Donahue*, 38 F.3d 298, 303 (7th Cir. 1994).

<u>New England's Burden to Prove Amount in Controversy</u>

Vowells' first assertion can be dismissed in short order. The Eleventh Circuit Court of Appeals made clear *in Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), that "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy *more likely than not* exceeds the [$75,000] jurisdictional requirement." (Emphasis added).  Because Vowells' complaint did not demand a specific dollar amount, New England's burden is preponderance of the evidence.

<u>New England's Failure to Compute Reasonable Attorney's Fees</u>

Vowells argues that because New England did not provide the Court with a calculation of attorney's fees, New England has failed to meet its burden.  Vowells further asserts that such a determination is rendered impossible by virtue of the fact that Vowells has entered into a contingency fee agreement with her counsel; therefore, not only can such a fee be calculated only at the end of a case, but there is also no law providing that an attorney shall take a certain portion from an award.

However, the cases Vowells suggest support her position are clearly distinguishable as to the very issue before this Court.

Case No. 8:05-cv-1114-T-17TBM

Both *Burns v. Windsor*, 31 F.3d 1092 (11th Cir. 1994), and *Coca-Cola v. South Beach Beverage Co.*, 198 F. Supp. 2d 1280 (D. Kan. 2002), involve instances where the plaintiffs made demands for a specific dollar amount in their respective complaints, and, thus, the courts placed a greater burden on the respective defendants. *In Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864 (5th Cir. 2002), the court dealt with a rule peculiar to deciding whether a case should be removed from the State of Louisiana, a state that does not allow a plaintiff to make a demand for a specific dollar amount in the complaint.

    Again, New England's burden is preponderance of the evidence. In her motion for remand, Vowells concedes that she is asking for three thousand five hundred dollars ($3500.00) per month for twenty (20) months. (Docket No. 7)  Notwithstanding the potential premium refund, the only issue before the court is whether New England has persuaded this Court that it is "more likely than not" that Vowells would receive more than five thousand dollars ($5,000.00) should Vowells prevail on her claim. *Tapscott*, 77 F.3d at 1357.  This Court is confident that should Vowells be awarded attorney's fees as she demands, such fees will be in excess of five thousand dollars ($5,000.00).  Accordingly, it is **ORDERED** that Plaintiff's motion for remand (Docket No. 7) be **DENIED**.

Case No. 8:05-cv-1114-T-17TBM

    **DONE AND ORDERED** in Chambers, in Tampa, Florida, this 19th day of October, 2005.

*[Signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record

Case No. 8:05-cv-1114-T-17TBM

Page 6 of 6